(148 App. Div. 225.)

, PEOPLE ex rel. DALY v. HENDERSON, Superintendent of Buildings.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

MUNICIPAL CORPORATIONS (§ 192*)—OFFICERS—CHIEF INSPECTOR OF BUILDINGS—POWER TO REMOVE INSPECTORS.

> Greater New York Charter (Laws 1901, c. 466) § 406, provides that the superintendent of buildings shall enforce the rules and charter provisions relating to buildings, and shall appoint and remove subordinates, and declares that each superintendent of buildings may designate a chief inspector, who, in the absence or inability of the superintendent, shall possess all the powers and perform all the duties "so far as they relate to buildings." *Held*, that the chief inspector, during the absence or inability of the superintendent to act, is without authority to remove or dismiss a building inspector.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 530–532; Dec. Dig. § 192.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of William J. Daly, against James A. Henderson, Superintendent of Buildings of the Borough of the Bronx. From an order denying relator's motion for a peremptory writ, he appeals. Writ granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

James T. Brady, for appellant.
Clarence L. Barber, for respondent.

DOWLING, J. The sole question involved in this appeal is whether the chief inspector of buildings, while acting as superintendent of buildings in the absence of the superintendent, has power to remove or dismiss an inspector of buildings. Greater New York Charter (Laws 1901, c. 466) § 406, provides as follows:

"Each superintendent of buildings within the limits of his appropriation shall have power to appoint * * * such chief inspector of buildings * * * as in his judgment may be necessary and proper. * * * Each superintendent of buildings may designate a chief inspector of buildings who, during the absence or inability of such superintendent shall possess all the powers and perform all his duties so far as they relate to buildings."

A reading of the entire section makes it clear that the duties of the superintendent of buildings as therein defined may be divided into two categories: (1) To enforce rules, regulations, ordinances, and charter provisions relating to buildings; and (2) to appoint, discipline, and remove subordinates. It is only to the first category that the power of the acting superintendent extends; nor is this a strange limitation, for the classes of acts therein required to be performed are such as call for prompt, and often immediate, action upon the part of the superintendent, and it is to secure such action that he is allowed to name a chief inspector, who takes his place in that regard during his absence or disability; while it would be anomalous to permit him to change the personnel of the subordinates by removal and appointment during the merely temporary absence of the superintendent.

ˌFor other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

That this is the proper construction to be given to the language employed is confirmed by a consideration of the prior statutory provisions in this respect. Under Consolidation Act (Laws 1882, c. 410) § 514, as amended by Laws 1887, c. 566, § 37, it was provided:

"The deputy superintendent of buildings, to be designated by the superintendent, shall act as superintendent of buildings in case of the absence of the superintendent from his office, and shall while so acting possess all the powers in this title vested in or imposed upon the superintendent of buildings."

By the Greater New York charter of 1897 it was provided (section 648):

"Each commissioner may designate a superintendent of buildings, who, during the absence or inability of such commissioner, shall possess all the power and perform all the duties of such commissioner."

The provision in its present form was first introduced into the charter in 1901. Having in mind the significant language used, and the imposition of a limitation not contained in the earlier enactments, it seems plain that the acting superintendent has no power to remove subordinates in the building department.

The order appealed from must therefore be reversed, with $10 costs, and the motion for a peremptory writ of mandamus granted, with $10 costs, in so far as it seeks a direction for the reinstatement of the relator to his position. All concur.

---

### PEOPLE ex rel. HOWLEY v. MILLER et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of John J. Howley, against Cyrus C. Miller and another. From an order denying a peremptory writ, relator appeals. Reversed, and peremptory writ granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Milton M. Goldsmith, for appellant.
Terence Farley, for respondents.

